IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

vs. : No. 2:06 cr 027

JUDGE

DEITERING LANDSCAPE INC., **JUDGE FROST**

PLEA AGREEMENT

The United States Attorney for the Southern District of Ohio and defendant, DEITERING LANDSCAPE INC., (hereinafter DEITERING), hereby enter into the following plea agreement pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure:

1. Defendant, DEITERING, will enter a plea of guilty to Count 1 of the Information filed herein which charges DEITERING with violating 18 U.S.C. section 1020, that is, knowingly making, or aiding and abetting in the making of, a false statement, representation, report, or false claim, regarding a document provided under the Federal Aid Road Act or regarding a highway project approved by the Secretary of Transportation.

2. Defendant, DEITERING, understands the maximum penalty that may be imposed pursuant to the defendant's plea of guilty to Count 1, is a fine of not more than five hundred-thousand dollars ($500,000.00) pursuant to 18 U.S.C. section 3571(c), probation up

1

to five years and a special assessment of four hundred dollars ($400.00).

3. After defendant, DEITERING, enters a plea of guilty to Count 1, the defendant will pay a special assessment of four hundred dollars ($400.00) as required in 18 U.S.C. section 3013. This assessment shall be paid by the defendant before sentence is imposed and defendant will furnish a receipt at sentencing. The payment shall be made to the United States District Court, at the Clerk's office, 85 Marconi Boulevard, Columbus, Ohio 43215.

4. Defendant, DEITERING, through its officers and employees, agrees to provide a complete statement to authorities of the United States and the Ohio Department of Transportation (ODOT) concerning knowledge of the conduct and activities related to the activities described in the Information. Defendant, DEITERING, through its officers and employees, agrees to submit to supplemental debriefings and provide testimony on such matters whenever requested by authorities of the United States, and ODOT, whether before or after a plea is entered. Defendant, DEITERING understands that this agreement does not protect DEITERING's officers and employees from prosecution for perjury, should they testify untruthfully, or for making false statements. Further, should the Defendant, DEITERING, fail to comply fully with the terms and conditions set forth herein, including the requirement to have its officers and employees testify truthfully, or should

DEITERING fail to appear as required for sentencing, this agreement is voidable at the election of the government, in which case Defendant, DEITERING, will be subject to prosecution as if the agreement had never been made.

5. If such plea of guilty is entered, and not withdrawn, and defendant, DEITERING, acts in accordance with all other terms of this agreement, the United States Attorney for the Southern District of Ohio agrees not to file additional criminal charges against the defendant, DEITERING, or its employees, based on the activities charged in the Information.

6. The parties state, pursuant to Sentencing Guideline section 6B1.2(a), that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the readily provable actual offense behavior and that the acceptance of the agreement by the Court will not undermine the statutory purposes of sentencing.

7. It is further agreed by the parties hereto, that for the purposes of sentencing, relevant conduct to be considered by the Court pursuant to section 1B1.3 of the United States Sentencing Guidelines will include a Stipulated Statement of Facts.

8. The United States and the defendant agree that, pursuant to U.S.S.G. §2B1.1(b)(1), the loss to the government or financial gain to defendant and its confederates was more than $30,000 and

3

less than $70,000 (approximately $56,000.00). Further, the parties agree defendant should pay a fine in the amount to determined by the Court. The United States does not oppose a term of probation of up to two years for the purpose of a payment schedule for the fine and restitution.

9. At the time of sentencing, the United States will not object to the determination that pursuant to U.S.S.G. §3E1.1, the Defendant, DEITERING, has accepted responsibility for this offense provided Defendant's conduct has demonstrated compliance with the terms of U.S.S.G. §3E1.1 and this agreement. The parties further understand that this agreement is not binding on the Court and the final determination concerning the Defendant's acceptance of responsibility for purposes of sentencing rests with the Court. The Court's determination with respect to acceptance of responsibility will not serve as a basis for the defendant to withdraw from this agreement.

10. The parties agree that the defendant will pay restitution to the State of Ohio and Department of Transportation, in the amount of $44,050.00.

11. The defendant understands and acknowledges that the defendant is entering into this plea agreement and is pleading guilty freely and voluntarily because the defendant is guilty. The defendant is entering into this agreement without reliance on any representations or discussions not contained in this

4

agreement and that there have been no threats, coercion, or intimidation of any kind. The defendant acknowledges complete satisfaction with the representation of counsel and the advice received in connection with this Plea Agreement.

13. Defendant DEITERING is aware that in light of *United States v. Booker*, 126 S.Ct. 738 (Case No. 04-104, January 12, 2005) the United States Sentencing Guidelines are advisory and no longer mandatory. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offense to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is further aware that any estimate of a probable sentencing range that the defendant may have received, or may receive in the future, from his counsel, the United States, or the probation office is a prediction, not a promise, and is not binding on the United States, the Probation Department or the Court. The United States makes no promise or representation concerning the sentence that the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

14. The parties agree that there are no bases for either an upward or downward departure from the Sentencing Guidelines and agree to not seek such a departure.

15. With the exception of paragraphs 8 and 9, it is agreed

5

if the Court refuses to accept any provision of this Plea agreement, neither party is bound by any of its provisions, defendant, DEITERING, may withdraw the guilty plea, and the United States Attorney for the Southern District of Ohio may seek leave to dismiss the Information without prejudice and may seek identical and additional charges. Defendant, DEITERING, will not object to such dismissal or filing of further charges.

16. By virtue of the defendant's guilty plea to Count 1 of the Information, the defendant understands that the defendant is not a prevailing party as defined by 18 U.S.C. 3006(A) and hereby expressly waives defendant's right to sue the United States.

17. No additional promises, agreements, or conditions have been made relative to this matter other than those expressly set forth herein, and none will be made unless in writing and signed by all parties. This written agreement, and corresponding Bill of Information, embody all of the agreements and understandings between the United States Attorney for the Southern District of Ohio and the defendant. No conversations, discussions, understandings, or other documents extraneous to the agreement shall be considered part of this agreement. The defendant DEITERING understands that independently from the prosecution of this case, action may be taken against the defendant by the Ohio Department of Transportation and/or the Federal Highway Administration. Defendant agrees any action taken by other authorities is not part of the plea agreement, nor will it

impact the defendant's rights, obligations, or punishment under this plea agreement.

| | |
|---|---|
| 16 NOV. 05 <br> DATE | _(signature)_ <br> PRESIDENT KENNETH DEITERING <br> ON BEHALF OF DEFENDANT, <br> DEITERING LANDSCAPE, INC. |
| 11-17-05 <br> DATE | _(signature)_ <br> TERRENCE GRADY <br> ATTORNEY FOR DEFENDANT, <br> DEITERING LANDSCAPE, INC. |
| | GREGORY G. LOCKHART <br> United States Attorney |
| 12-2-05 <br> DATE | _(signature)_ <br> J. MICHAEL MAROUS (0015322) <br> ASSISTANT UNITED STATES ATTORNEY |

8